```
                    UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION AT DAYTON

IN RE:                                    : CASE NO: 07-34235
ARETA J. WENTZ                            :      (Chapter 13)
1117 N. MAPLE STREET                      : JUDGE GUY R. HUMPHREY
                                          :
EATON OH                                  :
          45320-0000                      :
```

---

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION,
## REQUEST FOR DENIAL OF CONFIRMATION

---

The Chapter 13 Trustee recommends that the plan not be confirmed, all as more fully set forth in the attached memorandum. A plan has not been confirmed.

**Hearing Date   December 11, 2007  at 1:30 P.M.**

[ ] **West   [X] East Courtroom, 120 W Third Street, Dayton, OH**

**The confirmation hearing will be held as scheduled. At the hearing, confirmation may be granted or denied. The debtor and debtor's counsel are expected to attend the the confirmation hearing.**

**CASE MEMO:**

| | | | |
|---|---|---|---|
| Case Commenced: | September 27, 2007 | Prior Case(s) | [X] no   [ ] yes |
| Plan Filed: | September 27, 2007 | Debtor | [X] Single   [ ] Married |
| Monthly Plan Payment: | $1,300.00 | Size of Household | 1 persons |
| Step Plan | [ ] yes | Gross Income (Month) | $3,559.00 |
| Plan Length | 36.00 (months) | Sch. J Expenses | $2,159.00 |
| Unsecured Percent | 8 % | | (Less rent/mortgage, domestic support, taxes) |
| Mortgages(s) | [X] yes   [ ] no | | |

Who Disburses Mortgage(s)     [ ] Trustee    [ ] Debtor    [ ] Both

Other: TREATING BOTH MORTGAGES UNSECURED DUE TO IRREGULARITIES IN MORTGAGES.

# MEMORANDUM

## CHAPTER 13 TRUSTEE'S NOTED DEFICIENCES in PLAN and/or CASE AND GROUNDS FOR OBJECTION TO CONFIRMATION

**The Plan** does not comply with:

[ ] 11 U.S.C. § 1322(d) - Plan calculation exceeds 5 years

Reason: _____

_____

[ ] 11 U.S.C. § 1325(b)(1)(B) (See: Schedules I and J)

[ ] Totality of budget

[ ] Deductions for pension plan loan (See: *In re Harshbarger*, 66 F.3d 775 (6th Cir.1995)

[ ] The debtor has failed to submit all projected disposable income to be received in the three year period beginning on the date that the first payment is due under the plan [11 U.S.C. § 1325(b)], to wit: 401(k) deduction.

[ ] Projected income from _____ is not submitted to the plan (See: *In re Freeman*, 86 F.3d 478 (6th Cir. 1996); *In re Koch* 109 F.3d 1285 (8th Cir. 1997); *In re Claude*, 206 B.R. 374 (Bkrtcy.W.D.Pa 1997)

[ ] The debtor has failed to submit all projected disposable income to be received in the three year period beginning on the date that the first payment is due under the plan [11 U.S.C. § 1325(b)], to wit: _____

_____
_____

[X] 11 U.S.C. § 1325(a)(4)

[X] 11 U.S.C. § 1322(a)(2) as to   taxes            X other

[ ] 11 U.S.C. § 1322(a)(3) - Discriminates with respect to _____
_____

[ ] 11 U.S.C. § 1322(b)(1) - Discriminates with respect to _____
_____

[ ] 11 U.S.C. § 1325(a)(6) - (Plan speculative - No evidence of ability to make all payments under the plan)

[ ] 11 U.S.C. § 1325(a)(6) - Debtor has failed to file federal tax returns for tax years _____ thus placing the plan's feasibility into question.

[X] 11 U.S.C. § 1325(a)(3) - Plan not proposed in good faith

**The Plan**

- [ ] provides for payment on more than one vehicle per working debtor
- [ ] proposes debtor disburse of mortgage with trustee disburse of arrearage
- [ ] Fails to designate time and/or details for sale of real estate
    See:   *In re Hogue* 78 B.R. 867 (Bkcy.S.D.OhioE.D. 1987);
    *In re Erickson*, 176 B.R. 753 (Bkcy.E.D.Pa 1995)
- [X] No appraisal of real estate (LBR 3015-3(e)(3)
- [ ] Other:

THE TRUSTEE CANNOT DETERMINE BEST INTEREST WITHOUT AN APPRAISAL. IF THE MORTGAGES ARE TRULY UNSECURED AS PROPOSED BY THE DEBTOR THEN THE DEBTOR MUST PAY AT LEAST $40,000 TO UNSECURED CREDITORS. DEBTOR ALSO NEEDS TO FILE AMENDED MEANS TEST FORM B22C AND SCHEDULES I AND J TO FULLY DISCLOSE ALL HOUSEHOLD MEMEBERS AND ALL INCOME-THE MEANS TEST SHOWS FIVE PEOPLE IN THE HOUSEHOLD, YET SCHEDULE I ONLY SHOWS ONE PERSON-DAUGHTER WAS PAYING THE MORTGAGE AND IS ON DISABILITY BUT CONTRIBUTES TO THE HOUSEHOLD. ALL INFORMATION IS INACCURATE SO THE TRUSTEE CANNOT DETERMINE IF MEANS TEST IS MET. THE PLAN IS NOT PROPOSED IN GOOD FAITH.

_/s/ Jeffrey M. Kellner_____
Jeffrey M. Kellner 0022205
Chapter 13 Trustee
131 N. Ludlow Street, Suite 900
Dayton, Ohio 45402
(937) 222-7600  Fax (937)222-7383
email: chapter13@dayton13.com

```
                           Certificate of Service                    07-34235
I hereby certify that a copy of the attached was served by electronic service
or was mailed by first class mail to each of the following on the date of
the electronic filing.
ARETA J. WENTZ                           1117 N. MAPLE STREET
                                         EATON OH                   45320-0000
LESTER R THOMPSON                        1340 WOODMAN DR
                                         DAYTON OH                  45432-0000
(471438) MARTHA R SPANER                   SHAPIRO & FELTY
   1500 W 3RD ST STE 400                 CLEVELAND OH               44113-0000
(378174) MOSS CODILIS                      SAXON MORTGAGE
   1270 NORTHLAND DR SUITE 200           MONDOTA HEIGHTS MN         55120-0000
OFFICE OF THE U S TRUSTEE                170 NORTH HIGH ST
  SUITE 200                              COLUMBUS OH                43215-0000


                   Jeffrey M. Kellner  BY _/s/ Jeffrey M. Kellner_

                          1119SGS701_079617
                                 ###
```